DONALD H. SHERIDAN AND KATHRYN SHERIDAN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28109. Promulgated May 22, 1952.

*William F. Hanrahan, Esq.*, and *Harold T. Gates, C. P. A.*, for the petitioners.
*Lester H. Salter, Esq.*, for the respondent.

382

OPINION.

ARUNDELL, *Judge:* The sole question before us is whether the sum of $3,124, which represents the amount by which the payments (other than the portion of the payments claimed and allowed as interest deductions) made by Donald H. Sheridan (referred to herein as Donald) as payor under an annuity contract exceeded the value of the consideration he received for the agreement to make the payments, is deductible under section 23 (e) (2) as a loss incurred in an annuity venture entered into for profit.

The facts upon which this issue is based are as follows: In 1926 the petitioner Donald and his uncle purchased real estate from Donald's aunt, Irene Collord, and executed in part consideration therefor a purchase money mortgage in the amount of $100,000. In 1935, when Donald and his uncle were still indebted to Irene Collord for the principal amount of the mortgage, Irene Collord released $40,000 of the mortgage as a gift and, in addition, released the remaining $60,000 in consideration of a promise by Donald and his uncle to pay her $7,000 a year for the remainder of her life.

During the years 1935 through 1944, Donald made payments totaling $31,500 to Irene Collord. A total of $1,875.80 of this sum was

claimed and allowed to Donald for the years 1943 and 1944 as an interest deduction, leaving a balance of $29,624.20, which he refers to as the sum applied to the principal of the annuity. During the taxable year in question, Donald paid to Irene Collord a further sum of $3,500. The petitioners claim that $3,124 of this sum represents a deductible loss incurred in an annuity venture entered into for profit. The sum of $3,124 was the excess of all payments made by Donald to Irene Collord except the $1,875.80 which was deducted as interest in prior years, over the $30,000 representing Donald's share of the discharged indebtedness.

The respondent on brief argues that the sum of $3,124 is not deductible as a loss because the transaction in 1935 "constituted in effect an adjustment of the purchase price of the real property acquired in 1926. Therefore, the annuity payments were capital expenditures and no loss was realized by the petitioners in the calendar year 1945." From this factual premise, the respondent concludes that all installment payments by Donald were capital expenditures applied to the purchase price of the real estate.

In our opinion the factual premise upon which the respondent bases his conclusion is contradicted by the evidence. The purchase price agreed to was not adjusted or affected in any way by the contract entered into in 1935, and remained the same as it had always been since 1926. The 1935 contract was sought by Irene Collord as a means of securing for herself a tax saving under the provisions for the taxation of annuity payments. The value of the annuity contract she received was approximately equal to the $60,000 obligation she released in exchange. There was no disparity in the value of what the parties to that contract exchanged as consideration, and the contract was, in substance and effect, devoid of any purchase price adjustment or of any agreement relating to the purchase price of property. Similarly, the remaining $40,000 was released by Irene Collord as a gift, not in pursuance of any purchase price adjustment, and was reported by her as a gift in a Federal gift tax return filed for the calendar year 1935. In short, the conduct of the parties to the 1935 agreement, as well as the circumstances of that agreement, adequately establish that the agreement was not intended to and did not in fact constitute either in substance or effect an adjustment of the purchase price of the real estate acquired by Donald and his uncle from Irene Collord in 1926. On the contrary, the agreement was simply an annuity contract and the sums paid by Donald were installment payments made pursuant to that contract.

As far back as 1922, the Commissioner ruled in I. T. 1242, I-1 C. B. 61, that "When the total amount paid (by the payor under an annuity contract) equals the principal sum paid to the taxpayer, the install-

ments thereafter paid by him will be deductible as a business expense in case he is engaged in the trade or business of writing annuities; otherwise they may be deducted as a loss, provided the transaction was entered into for profit." It is our understanding that the respondent in this proceeding accepts that ruling as correctly stating the law of the case. We think it is clear that Donald entered into the annuity venture for profit. The annual payments were not gifts to his aunt, but were instead payments in discharge of an obligation incurred for good and adequate consideration. Donald stood to gain if his aunt died before the installments totaled $30,000, and the gain would have constituted taxable income to him. I. T. 1242, *supra.* Cf. *Bodine* v. *Commissioner*, 103 F. 2d 982. Similarly, when the total amount paid by the taxpayer-payor under an annuity contract equals the principal sum received in consideration of his obligation to make the annual payments, any further payments represent a loss, deductible under section 23 (e) (2) of the Code as a loss incurred in a transaction entered into for profit.

*Decision will be entered under Rule 50.*